Patterson, J.,
dissents and votes to reverse the judgment of conviction and dismiss the accusatory instrument in the following memorandum: The issue before this court is whether defendant violated section 10-131 (h) (1) of the Administrative Code of the City of New York which makes it unlawful to possess a loaded rifle in “public” within the City of New York. In charging the jury, the trial court, without any explanation, read from the provisions of section 10-125 (2) of the Administrative Code, which prohibits the consumption of alcohol on city streets and which defines what a “public place” would be. Under said definition, which was to be used only for that section, a “public place” includes the interior of a car parked on a street within the city limits.
*489 Admittedly, the Administrative Code does not define what “public” means with regard to the possession of a loaded rifle. I find that the discussion of what is “public” in People v McNamara (78 NY2d 626, 628-630) is relevant to the issue at bar. Based on the rationale used by the Court of Appeals, I conclude that since the rifle was not visible inside the locked trunk of the car, notwithstanding the fact that it was parked on a city street, the People failed to establish that defendant’s possession was in “public.” Thus, the accusatory instrument should have been dismissed since the People failed to prove an element of the offense charged.
Pesce, P.J., and Golia, J., concur; Patterson, J., dissents in a separate memorandum opinion.